# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# TACOMA DIVISION

| | |
|---|---|
| JAMIE KIRSILA and OTIS WILLIAMS, <br><br> Plaintiffs, <br><br> vs. <br><br> PIERCE COUNTY, WASHINGTON, <br><br> Defendant | Case No.: <br><br> **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

## PRELIMINARY STATEMENT

1. The Fourth Amendment to the United States Constitution requires that any individual arrested by police must be released from detention unless a judicial officer has determined, either prior to the arrest or "promptly" after, that there is probable cause for the allegations. *See Gerstein v. Pugh*, 420 U.S 103, 125 (1975). Once warrantless detention without a probable cause hearing exceeds 48 hours, it becomes unconstitutional absent a "bona fide emergency or other extraordinary circumstance." *Cty. of Riverside v. McLaughlin*, 500 U.S. 44, 57 (1991).

2. Pierce County, Washington has a policy and practice of disregarding this simple obligation and failing to ensure that warrantless detention is based on a timely probable cause hearing. Pierce County does not offer probable cause hearings or determinations on Saturdays, Sundays, or court holidays.

3. As such, the County all but guarantees that anyone arrested without a warrant on a Friday—or most of Saturday—and held in jail until their arraignment

Class Action Complaint - 1

will be unconstitutionally detained. For those arrested before court holidays, this warrantless detention without probable cause can exceed five days.

4. In January 2023, Plaintiffs Jamie Kirsila and Otis Williams were detained for at least 86 and 93 hours, respectively, without a probable cause determination, in violation of their Fourth Amendment rights. They bring this civil rights action pursuant to 42 U.S.C. § 1983 to redress violations of rights under the United States Constitution along with the rights of a proposed class who were unlawfully detained in the same manner.

## JURISDICTION AND VENUE

5. This is a civil rights action arising under 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

6. Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2). Pierce County is located in the Western District of Washington, and a substantial part of the events and omissions giving rise to the claims in this action occurred in this District.

7. Pursuant to Local Civil Rule 3, this action is properly assigned to the Tacoma Division of this District.

## PARTIES

8. Plaintiff Jamie Kirsila is a resident of Pierce County, Washington.

9. Plaintiff Otis Williams is a resident of King County, Washington.

10. Defendant Pierce County is a municipal corporation organized under the laws of the State of Washington. Defendant operates and administers the Pierce

Qiu-Qiu Law
5020 Martin Luther King Jr. Blvd, Ste S
Portland, OR 97211
908-938-6683

County Jail, where Plaintiffs and Class Members were detained for more than 48 hours by the Pierce County Sheriff's Department without a probable cause determination, and is therefore responsible for the unlawful policies, practices, and customs challenged by Plaintiffs, including failing to release arrestees who do not receive a probable cause hearing within 48 hours of arrest and failing to enact policies that ensure arrestees receive a probable cause hearing within 48 hours of arrest.

## FACTS

### I. Defendant Pierce County detained Plaintiff Jamie Kirsila for over 86 hours without any probable cause determination.

11. Plaintiff Jamie Kirsila was arrested without a warrant for an alleged felony at 11:35 p.m. on Friday, December 30, 2022.

12. Ms. Kirsila was booked into the Pierce County Jail later that night.

13. Consistent with Pierce County's policies and practices, it did not hold any arraignments or probable cause hearings on Saturday, December 31 or Sunday, January 1.

14. The County also did not hold any arraignments or probable cause hearings during the court holiday for New Year's Day (observed) on Monday, January 2, 2023, forcing Ms. Kirsila to be detained without a probable cause determination until Tuesday, January 3.

15. The Office of the Prosecuting Attorney filed a Probable Cause Declaration in Ms. Kirsila's case on Tuesday, January 3, 2023, at 10:55 a.m. and a

Class Action Complaint - 3

Qiu-Qiu Law
5020 Martin Luther King Jr. Blvd, Ste S
Portland, OR 97211
908-938-6683

Probable Cause Attachment at 11:08 a.m. These documents simply summarize events from the police report, and neither document is signed by a judge or magistrate.

16. The Pierce County Sheriff's Department did not present Ms. Kirsila to the Superior Court for a probable cause determination and arraignment until 1:49 p.m. on Tuesday, January 3. During the over 86 hours from her warrantless arrest to this arraignment, Ms. Kirsila was detained without a probable cause determination and without conditions of release.

17. At this delayed hearing, the judge ordered Ms. Kirsila released on a $5,000 bail.

18. After her arraignment, Ms. Kirsila immediately began contacting loved ones to secure her release. She posted bail early in the morning and was released on Wednesday, January 4, 2023, at 6:18 p.m. At this point, Ms. Kirsila had spent five days and five nights at the jail, four of them without a probable cause determination.

19. No bona fide emergency or extraordinary circumstance justified Ms. Kirsila's delayed probable cause determination.

**II. Defendant Pierce County detained Plaintiff Otis Williams for over 93 hours without any probable cause determination.**

20. Plaintiff Otis Williams was arrested without a warrant for an alleged felony at 6:29 p.m. on Friday, December 30, 2022.

21. Mr. Williams was brought to the Pierce County Jail and booked in at 8:45 p.m. on December 30.

Qiu-Qiu Law
5020 Martin Luther King Jr. Blvd, Ste S
Portland, OR 97211
908-938-6683

22. Consistent with Pierce County's policies and practices, it did not hold any arraignments or probable cause hearings on Saturday, December 31 or Sunday, January 1.

23. The County also did not hold any arraignments or probable cause hearings during the court holiday for New Year's Day (observed) on Monday, January 2, 2023, forcing Mr. Williams to be detained without a probable cause determination until Tuesday, January 3.

24. The Office of the Prosecuting Attorney filed a Probable Cause Declaration in Mr. Williams' case on Tuesday, January 3, 2023, at 11:09 a.m. This document simply summarizes events from the police report, and it is not signed by a judge or magistrate.

25. The Pierce County Sheriff's Department did not present Mr. Williams to the Superior Court for a probable cause determination and arraignment until 3:46 p.m. on Tuesday, January 3. During the over 93 hours from his warrantless arrest to this arraignment, Mr. Williams was detained without a probable cause determination and without conditions of release.

26. At this delayed hearing, the judge ordered Mr. Williams released on his own recognizance.

27. Mr. Williams was released from the jail at 7:30 p.m. on Tuesday, January 3, 2023, over 97 hours after his warrantless arrest. At this point, Mr.

Qiu-Qiu Law
5020 Martin Luther King Jr. Blvd, Ste S
Portland, OR 97211
908-938-6683

Williams had spent four days and four nights at the jail without a probable cause determination.

28. No bona fide emergency or extraordinary circumstance justified Mr. Williams' delayed probable cause determination.

**III. As a matter of policy and practice, Defendant Pierce County does not ensure that individuals arrested without a warrant receive a probable cause determination within 48 hours of arrest and continues to jail such individuals thereafter.**

29. As a matter of policy and practice, Pierce County combines probable cause determinations with arraignment hearings. It does not present people for arraignment hearings until the next business day after they are booked into jail following a warrantless arrest. Weekends and court holidays are not considered business days.

30. People booked into jail on a Thursday are not presented for a hearing until Friday at the earliest, and people booked into jail on a Friday are not presented for a hearing until Monday at the earliest. This includes those booked into jail in the early mornings.

31. Pierce County's in-custody arraignments are held at 1:30 p.m. each business day and can last for several hours.

32. Pierce County's policies and practice guarantee that people booked into jail on a Friday do not receive a probable cause determination until some point during the Monday 1:30 p.m. calendar, after they've spent at least three nights in jail and been detained for far more than 48 hours following their warrantless arrest.

Qiu-Qiu Law
5020 Martin Luther King Jr. Blvd, Ste S
Portland, OR 97211
908-938-6683

They may be deprived of the opportunity to gain their freedom for four nights if the arrest was on a Thursday night or early Friday.

33. This also means anyone arrested on a Saturday morning, and many of those arrested on Saturday afternoons, will have no opportunity for a probable cause determination until more than 48 hours after their warrantless arrest.

34. Pierce County's policies and practice force those who are arrested without a warrant before court holidays to languish at the Jail without a probable cause determination for even longer. The County's policies and practice dictate, for instance, that someone arrested without a warrant on the Wednesday before Thanksgiving—or arrested on Tuesday and booked into jail on Wednesday—can be detained for up to six days and nights without a probable cause determination.

35. The County has a total of 11 court holidays and does not hold arraignments or conduct probable cause determinations on any of these holidays.

36. Review of even a few in-custody arraignment calendars on Mondays and after court holidays reveals dozens of people whose probable cause determinations occurred more than 48 hours after their warrantless arrest.

37. Because Pierce County failed to ensure that these individuals received probable cause determinations within 48 hours, it should have released them no later than 48 hours after their warrantless arrest.

38. Pierce County did not, however, release these individuals after 48 hours of detention without a probable cause determination. Instead, consistent with its

Class Action Complaint - 7

Qiu-Qiu Law
5020 Martin Luther King Jr. Blvd, Ste S
Portland, OR 97211
908-938-6683

longstanding policy and practice, Pierce County continued to detain these individuals until their arraignment the next business day after booking.

## CLASS ACTION ALLEGATIONS

39. Named Plaintiffs Jamie Kirsila and Otis Williams bring this action on behalf of themselves and all others similarly situated for the purpose of asserting the alleged claims on a common basis.

40. Plaintiffs proposes a single Class seeking compensatory relief. The Class is defined as: All persons who were detained by Defendant Pierce County for more than 48 hours without a warrant or probable cause determination at any time within three years before the filing of this Complaint until the date of the order granting class certification.

41. A class action is a superior means, and the only practicable means, by which the named Plaintiffs and unknown Class Members can challenge the County's unlawful detention policy.

42. This action is brought and may properly be maintained as a class action pursuant to Rule 23(a)(1)-(4) and Rule 23(b)(3) of the Federal Rules of Civil Procedure.

43. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

Qiu-Qiu Law
5020 Martin Luther King Jr. Blvd, Ste S
Portland, OR 97211
908-938-6683

## Numerosity (Fed R. Civ. P. 23(a)(1))

44. The Class is so numerous that joinder of all members would be impracticable.

45. Pierce County's policies dictate that, at a minimum, anyone booked into the jail between Friday at midnight and Saturday at 1:30 p.m. and held in jail until their arraignment will have a delayed probable cause determination. If arrests were evenly distributed throughout the week, this would represent over 22% of those arrested without a warrant and detained until their arraignment.

46. It is well-documented, however, that police incidents are more frequent during the weekends. Additionally, the 11 court holidays throughout the year significantly increase the number of people detained without timely hearings. The County conducts arraignments the next business day after booking, not arrest, meaning that even more people must wait until the following business day for their hearings. And hearings may start much later than 1:30 p.m. on Monday for some individuals.

47. As such, it is likely that at least 22%—and potentially more than a quarter—of people arrested without a warrant and jailed until their arraignment are detained for more than 48 hours without a probable cause determination.

48. Pierce County arrests over 20,000 people every year and books thousands into its jails every year.

49. Review of even a few in-custody arraignment calendars on Mondays and after court holidays reveals dozens of people whose probable cause determinations occurred more than 48 hours after their warrantless arrest. There

are hundreds or thousands for whom this is true over the course of the applicable three-year statute of limitations.

### Commonality (Fed R. Civ. P. 23(a)(2))

50. The relief sought is common to all Class Members, and there are questions of law and fact common to the class.

51. All Class Members seek relief concerning Pierce County's policy and practice of failing to ensure that arrested individuals receive a timely probable cause determination or are released if they do not.

52. Resolution of common legal and factual issues will determine whether all of the Class Members are entitled to the relief that they seek. Among them are:

   a. Whether Pierce County maintains or maintained a policy and practice of detaining individuals arrested for more than 48 hours without a warrant or probable cause hearing.

   b. Whether it violates the United States Constitution to detain arrestees for more than 48 hours without any judicial determination of probable cause for the detention.

### Typicality (Fed R. Civ. P. 23(a)(3))

53. Plaintiffs' claims are typical of the putative class, and Plaintiffs have the same interests in this case as all other Class Members.

54. If Plaintiffs succeed in their claim that the County's policies and practices violated their rights, that ruling will likewise benefit all Class Members.

Qiu-Qiu Law
5020 Martin Luther King Jr. Blvd, Ste S
Portland, OR 97211
908-938-6683

### Adequacy (Fed R. Civ. P. 23(a)(4))

55. Plaintiffs will fairly and adequately represent the Class and do not have interests in conflict with those of the members of the Class that Plaintiffs seek to represent.

56. All Class Members have a similar interest in vindicating their constitutional rights in the face of Defendant's unconstitutional policies and practices.

57. Plaintiffs are represented by attorneys who have substantial experience litigating complex civil rights matters in the context of the criminal legal system.

58. The interests of the Class Members will be fairly and adequately protected by the Plaintiffs and attorneys.

### Predominance and Superiority (Fed. R. Civ. P. 23(b)(3))

59. Class treatment under Rule 23(b)(3) is appropriate because common questions of law and fact overwhelmingly predominate over individual ones and a class action is the only practicable way—and, therefore, the superior way—of resolving this case.

60. This case turns, for every Class Member, on what the County's policies and practices were and whether those policies and practices were lawful. The question of damages will also be driven by class-wide determinations of common questions. To the extent that individual damages will vary, they will vary depending in large part on the amount of time the individual was unlawfully jailed.

61. Determining damages for individual Class Members can be handled in a ministerial fashion based on easily verifiable records of the length of unlawful incarceration.

62. Furthermore, the pursuit of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications and incompatible standards, which would substantially impede members' ability to protect their interests.

## CLAIMS FOR RELIEF

### Claim I
### Fourth Amendment to the United States Constitution
### 42 U.S.C. § 1983

63. Plaintiffs reallege each of the foregoing paragraphs as if fully stated here.

64. Defendant violated Plaintiffs constitutional rights by detaining them for more than 48 hours without a probable cause determination as required by the Fourth Amendment. *Cty. of Riverside v. McLaughlin*, 500 U.S. 44 (1991); *Gerstein v. Pugh*, 420 U.S. 103 (1975).

65. Plaintiffs' injuries were proximately caused by Defendant's policy and practice of detaining people arrested without a warrant for more than 48 hours without a probable cause determination.

66. Several hundreds, if not thousands, of similarly situated individuals whom Plaintiffs seek to represent, suffered similar constitutional violations as a result of Defendant's policy of detaining warrantless arrestees for more than 48 hours without a probable cause determination.

Qiu-Qiu Law
5020 Martin Luther King Jr. Blvd, Ste S
Portland, OR 97211
908-938-6683

67. Plaintiffs and Class Members are entitled to monetary damages for Defendant's violation of their rights.

## JURY DEMAND

68. Plaintiffs, on behalf of themselves and the Class Members, hereby demand a trial by jury on all issues so triable.

## REQUESTS FOR RELIEF

Wherefore, Plaintiffs, on behalf of themselves and a Class of others similarly situated, request that this Court issue the following relief:

a. Certify this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiffs Jamie Kirsila and Otis Williams as representatives for the Class, and appointing their counsel as counsel for the Class;

b. Enter a judgment compensating Plaintiffs and the Class Members for the damages they suffered as a result of Defendant's unconstitutional and unlawful conduct in an amount to be determined at trial;

c. Enter an order and judgment granting reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1983 and 18 U.S.C. § 1964;

d. Award pre- and post-judgment interest as permitted by law; and

e. Grant any other relief this Court deems just and proper.

Date: April 25, 2024                          Respectfully Submitted,

*/s/Michael Zhang*

Michael Zhang
Washington Bar No. 60933
Qiu-Qiu Law
5020 Martin Luther King Jr. Blvd, Ste S
Portland, OR 97211
michael@qiu-qiulaw.com
908-938-6683

Sadé A. Smith
Washington Bar No. 44867
4301 NE 4th St
P.O. Box 2767
Renton, WA 98059
sade@thesmithlaw.com
206-715-4248

Akeeb Dami Animashaun*
California Bar No. 339294
355 S Grand Ave, Ste 2450
Los Angeles, CA 90071
dami@animashaun.me
929-266-3971

Thomas Harvey*
California Bar No. 287198
1316 Calle Castano
Thousand Oaks, CA 91360
tbh1910@gmail.com
314-482-3342

Shakeer Rahman*
California Bar No. 332888
838 E 6th St
Los Angeles, CA 90021
shakeer@loosr.net
323-546-9236

Ezra Ritchin*
New York Attorney Reg. No. 6085054
25 Marlborough Road
Brooklyn, NY 11226
ezraritchin@gmail.com
646-427-7840

*Pro hac vice* application forthcoming

Qiu-Qiu Law
5020 Martin Luther King Jr. Blvd, Ste S
Portland, OR 97211
908-938-6683